**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS LOPEZ-CAMPOS,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 5:26-cv-03751-SP<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITION** |

## I.
## INTRODUCTION

On July 7, 2026, petitioner Carlos Lopez-Campos, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Desert View Annex Detention Facility in Adelanto, California. Petitioner contends his detention violates his right to due process under the Fifth Amendment. Petitioner seeks immediate release from immigration custody, as well as declaratory and other injunctive relief.

On July 14, 2026, respondents filed an Answer with exhibits, including audio files of the April 21, 2026 bond hearing held pursuant to *Rodriguez v. Holder*, 2013 WL

5229795 (C.D. Cal. Aug. 6, 2013), *aff'd in part, rev'd in part sub nom. Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018). Docket nos. 9-10. Petitioner filed a Reply on July 15, 2026. Docket no. 10.

For the reasons discussed below, the court denies the Petition.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico who last entered the United States in 1995. Pet. ¶ 34[1]; *see* Answer, Ex. B; docket no. 10. Petitioner previously entered the United States in August 1991, left in October 1992, re-entered in late 1992 or early 1993, and left for about a month in 1995. *See* Answer, Ex. B; docket no. 10.

Petitioner has resided continuously in the United States since his entry in 1995. Pet. ¶ 42. Petitioner was employed and has substantial family, including a daughter, in the United States. *Id.* ¶ 43; *see* Answer, Ex. B. He submitted family-based immigration petitions to adjust his status. Pet. ¶¶ 42-43.

Petitioner was arrested in 1995 for driving under the influence ("DUI"). *See* Answer, Ex., B; docket no. 10. A bench warrant was issued for his arrest after petitioner failed to comply with the terms of his probation. *See* Answer, Ex., B; docket no. 10. The bench warrant remained outstanding until 2012, when it was transferred to San Bernardino after petitioner's arrest for driving without a license. *See* Answer, Ex., B; docket no. 10. Petitioner testified he then fulfilled the terms of his probation by 2015 and the court said his warrant had "ended." *See* Answer, Ex., B; docket no. 10. The records reflect petitioner had an open bench warrant until 2025, when the warrant was quashed on the basis it was too old to prosecute. *See* Answer, Ex., B; docket no. 10. It is unclear

---

[1] The Petition is signed only by petitioner's counsel and is not verified by petitioner. The court presumes that the facts alleged in the Petition are accurate: (1) for the purposes of Part II of this opinion and if not disputed by respondents; (2) if supported by documents or other evidence in the record; or (3) if the information could have been within counsel's personal knowledge.

whether the bench warrant quashed in 2025 is the one from 1995 or a new one from 2012. *See* Answer, Ex., B; docket no. 10.

On October 29, 2025, ICE agents detained petitioner during a targeted enforcement operation to locate another individual. Pet. ¶ 34; *see* Answer, Ex. A. On April 21, 2026, petitioner received a *Rodriguez* hearing. *See* Answer, Ex., B; docket no. 10. The immigration judge ("IJ") denied bond on the ground that petitioner is a flight risk. *See* Answer, Ex. B.

On June 18, 2026, an IJ ordered petitioner to be removed. *See* https://acis.eoir.justice.gov/en/. Petitioner filed an appeal of the removal order to the Board of Immigration Appeals ("BIA"), which is pending. *See id.*

Petitioner filed the instant Petition on July 7, 2026.

## III.

## DISCUSSION

Petitioner effectively raises one ground for relief, that his detention violates his Fifth Amendment right to due process. *See* Pet. ¶¶ 62-103.

"Under [8 U.S.C.] § 1226(e), an alien may not challenge a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release in federal court." *Martinez v. Clark*, 124 F. 4th 775 (9th Cir. 2024) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up)). This includes discretionary bond decisions. *See Perez Velasquez v. Bondi*, 2026 WL 1042479, at *2 (S.D. Cal. Apr. 16, 2026).

"Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (courts have jurisdiction under 28 U.S.C § 2241 to consider any error of law in an immigration proceeding, including due process violations); *Perez Velasquez*, 2026 WL 1042479, at *2. The "application of the 'dangerousness' standard is a reviewable mixed question" of law and fact. *Martinez*, 124 F.4th at 783; *Singh*, 638

F.3d at 1207 n.6 ("The question of what standard of dangerousness the government must meet presents a reviewable legal issue."). Similarly, a flight risk determination is also a mixed question of fact law and fact, "which is reviewable to the district court as a question of law." *Miri v. Bondi*, 2026 WL 622302, at *5 (C.D. Cal. Mar 5, 2026); *W.T.M. v. Bondi*, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026) (court has subject matter jurisdiction over the IJ's flight risk determination where the petitioner challenges whether the bond hearing violates his due process rights). As such, "a district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional" for abuse of discretion. *Kharis v. Sessions*, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see Martinez*, 124 F.4th at 784; *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026); *Miri*, 2026 WL 622302, at *5.

Here, petitioner argues the court has jurisdiction to review his Petition because he is challenging the bond denial as constitutionally inadequate. Pet. ¶¶ 62-69. But simply arguing a bond hearing is constitutionally inadequate does not mean there is a viable due process claim. *Cf. Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). Petitioner contends the IJ's written custody determination is constitutionally inadequate because it provides "little explanation" demonstrating why he is a flight risk under his individualized evidence and provides little indication that the IJ meaningfully evaluated the factors weighing against continued detention. Pet. ¶¶ 65, 68, 75, 92. But these arguments are belied by the IJ's written order, which provides a detailed discussion of the evidence presented and why the IJ found petitioner to be a flight risk despite some factors supporting release. *See* Answer, Ex. B. At bottom, despite petitioner's characterization of his claim, he is effectively asking the court to reweigh the evidence, which the court may not do. *Martinez*, 124 F.4th at 783, 785. As such, the court lacks jurisdiction to consider petitioner's bond determination claim.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment will be entered denying the Petition with prejudice.

DATED: August 31, 2026

SHERI PYM
United States Magistrate Judge